**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALEXANDER E. JONES, | § | BANKRUPTCY CASE NO. 22-33553 |
| | § | |
| Debtor, | § | |
| | § | |
| ROBERTY WYN YOUNG, | § | CIVIL ACTION NO. H-25-2057 |
| | § | |
| Appellant. | § | |

**MEMORANDUM AND OPINION**

Robert Wyn Young appeals the Bankruptcy Court's denial of his motion to intervene, his request for certification of a direct appeal under 28 U.S.C. § 158(d)(2)(A), and his motion to stay pending appeal.[1]  Based on the briefing, the record, and the applicable law, this court vacates the Bankruptcy Court's order denying certification and otherwise affirms the Bankruptcy Court's rulings.  This court denies Mr. Young's request to certify an appeal directly to the Fifth Circuit. The reasons for these rulings are below.

**I.    The Motion for Permissive Intervention**

Federal Rule of Bankruptcy Procedure 2018(a) states that, "[a]fter hearing on such notice as the court orders and for cause, the court may permit an interested entity to intervene generally or in any specified matter."

> In deciding whether to permit intervention under Rule 2018(a), courts look to various factors, including (1) whether the moving party has an economic or similar interest in the matter; (2) whether the interest of the moving party is adequately represented by the existing parties; (3) whether the intervention will cause undue

---

[1]  The motions to supplement the record and statement of the issues on appeal, (Docket Entry Nos. 7, 8), are granted insofar as they request that this court consider all the issues presented in, and evidence attached to, Mr. Young's brief.  Mr. Young included his proposed supplemental issues in his appellant brief, and the court has considered them.

delay to the proceedings; and (4) whether the denial of the movant's request will adversely affect their interest.

*In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 513 (N.D. Tex. 2019) (alterations adopted) (quoting reference omitted), *aff'd* 850 F. App'x 302 (5th Cir. 2021).  Even where all the elements are met, a bankruptcy court's decision not to allow intervention under Rule 2018 is "wholly discretionary."  *Id.* (quoting reference omitted).[2]

Mr. Young moved under Rule 2018(a) to intervene in the underlying bankruptcy proceeding.  (Docket Entry No. 13-2 at 23–39).  He claims that he has evidence of fraud on the part of Alex Jones in the issuance of the judgment against him in Connecticut state court.  His basis for intervention is that he is "duty[-]bound, as a state and federally[ ]licensed attorney, who is oathbound to support and defend the United States Constitution, to expose" that evidence.  (*Id.* at 28, 33) (bolding removed).  He claims that his involvement is necessary to protect "the viability of the 1st Amendment and the integrity of federal judicial process against treasonous fraud."  (Docket Entry No. 13 at 27, 46) (bolding removed).

The Bankruptcy Court was well within its discretion to deny intervention.  Mr. Young does not have an economic or similar interest in this case.  He cannot manufacture such an interest by pointing to the filing fees, transcript fees, and "significant economic loss" he has voluntarily incurred "in pursuing this case without pay."  *See* (*id.* at 26, 48) (bolding removed).  The interest that Mr. Young asserts—his desire to protect the First Amendment and the judicial process—does not given him a practical stake in the bankruptcy proceeding.  Recognizing such a self-proclaimed interest would provide a basis for intervention to anyone with a law degree, or, indeed, anyone at

---

[2]  The court rejects Mr. Young's assertion—unsupported by caselaw—that 28 U.S.C. § 158(d)(2) affects a bankruptcy court's discretion to deny permissive intervention under Federal Rule of Bankruptcy Procedure 2018(a).  *See* (Docket Entry No. 13 at 13).

all. The Bankruptcy Court did not err by denying Mr. Young intervention based on his attenuated and non-economic interest.

The Bankruptcy Court and the U.S. Trustee are fully able, and are in a much better position than Mr. Young, to detect any fraud, to protect the integrity of the bankruptcy process, and to ensure that the Constitution is followed. The Bankruptcy Court "carefully . . . reviewed" Mr. Young's evidence and concluded that Mr. Young's intervention was not necessary to protect the public interests he asserted. (Docket Entry No. 13-3 at 123); *see also* (Docket Entry No. 13-8 at 8) ("I've read everything that was submitted as well. So it's not like I turned a blind eye to anything that came my way. I read it."). After reviewing the record, this court reaches the same conclusion.

The Chapter 7 Trustee was presented with Mr. Young's evidence and similarly concluded that his interests are adequately represented by other parties in the case "who are positioned to investigate fraud or abuse in the bankruptcy system." (Docket Entry No. 10 at 5). Contrary to Mr. Young's suggestion, the Chapter 7 Trustee does not have an obligation to respond to Mr. Young's emails. The fact that the Chapter 7 Trustee did not "respond, in substantive manner, to the emails, written explanations, evidentiary submissions, and Legal Notices & Demands" sent by Mr. Young is not evidence that the Chapter 7 Trustee is "colluding" or failing to protect important interests. *See* (Docket Entry No. 13 at 47–48, 50).

Because the interests Mr. Young asserted are noneconomic, generalized, and already adequately protected, denial of his intervention request did not adversely affect his interests. Allowing his intervention would have unduly delayed relief to Alex Jones's creditors in a case that has already been pending for nearly three years. The Bankruptcy Court did not err by denying Mr. Young's motion to intervene.

3

## II.    The Request for Certification

A bankruptcy court must certify a direct appeal to the circuit court or the Supreme Court if an order "involves a matter of public importance." 28 U.S.C. §§ 158(d)(2)(A)(i), 158(d)(2)(B)(i). Federal Rule of Bankruptcy Procedure 8006(b) delineates when and where a request for certification must be filed:

> The certification must be filed with the clerk of the court where the matter is pending. For purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the first notice of appeal concerning that matter becomes effective under Rule 8002. After that time, the matter is pending in the district court or [the Bankruptcy Appeals Panel].

"Only the court where the matter is pending under [Rule 8006(b)] may certify a direct appeal to a court of appeals." FED. R. BANKR. P. 8006(d).

Mr. Young filed his notice of appeal on May 4, 2025. (Docket Entry No. 13-4 at 1–2, 84). He filed his request for certification in the Bankruptcy Court on May 15, 2025. (*Id.* at 93–106). The Bankruptcy Court denied the certification request on June 5, 2025—31 days after the first notice of appeal was filed. *See* (Docket Entry No. 13-8 at 1). The order stated that the certification request was denied "[f]or the reasons stated on the record at the June 5, 2025, hearing." (*Id.*). The hearing transcript shows that the Bankruptcy Court denied the certification request on the merits, not for lack of jurisdiction. (*Id.* at 6–8).

Bankruptcy Rule 8006(d) says that a bankruptcy court cannot "certify a direct appeal" if more than 30 days have passed since the notice of appeal became effective. FED. R. BANKR. P. 8006(d). At least two courts have concluded that Rule 8006(d) also prohibits a bankruptcy court from denying a certification request once the 30-day window has closed. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2017 WL 3084395, at *2–3 (Bankr. S.D.N.Y. July 19, 2017); *In re Glass*, 613 B.R. 33, 36 (Bankr. M.D. Fla. 2020). That interpretation aligns with the advisory committee's note that Rule 8006(d) is intended to "give the bankruptcy

judge, who will be familiar with the matter being appealed, an opportunity to decide whether certification for direct review is appropriate." FED. R. BANKR. P. 8006(b) advisory committee's note to the 2014 amendments. That opportunity ends after 30 days, when, under Rule 8006(b), "the matter is pending in the district court." *See* FED. R. BANKR. P. 8006(b). Because the Bankruptcy Court lacked jurisdiction to rule on Mr. Young's certification request on June 5, 2025, this court vacates the Bankruptcy Court's denial of Mr. Young's certification request, (Bankruptcy Case No. 22-33553, Docket Entry No. 1164).

Mr. Young's certification request is deemed pending in this court. The request is denied. Mr. Young has not shown that any of the circumstances specified in 28 U.S.C. § 158(d)(2)(A) exist. Whether the Bankruptcy Court erred in denying Mr. Young permissive intervention is not a matter of public importance. *See id.* § 158(d)(2)(A)(i). Because the interests that Mr. Young purports to advance are already protected in the bankruptcy proceedings, an immediate appeal would not "materially advance the progress of the case." *See id.* § 158(d)(2)(A)(iii). Mr. Young has not shown that there is no controlling decision governing the Bankruptcy Court's order, or that the order "involves a question of law requiring resolution of conflicting decisions." *See id.* § 158(d)(2)(A)(i), (ii). A direct appeal to the Fifth Circuit is neither required nor warranted. *See id.* §§ 158(d)(2)(A), 158(d)(2)(B)(i).

## III.    The Motion to Stay

This court previously denied Mr. Young's motion to stay the bankruptcy proceedings pending this appeal. (Docket Entry No. 12). For the reasons in this opinion and this court's prior opinion denying a stay, Mr. Young is not likely to succeed on his appeal. The Bankruptcy Court did not err in denying Mr. Young's motion to stay.

**IV.    Conclusion**

The Bankruptcy Court's order denying Mr. Young's certification request is vacated.[3]  This court denies Mr. Young's request to certify an appeal directly to the Fifth Circuit.  The Bankruptcy Court's rulings are otherwise affirmed.

SIGNED on August 19, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[3]  Mr. Young's motion to vacate, (Docket Entry No. 5), is denied as moot because the court has addressed the relief it seeks.